FILED
DEC 2 2 2008
CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| TATYANA A. BABAKAEVA, ) | |
| Plaintiff, ) | |
| vs. ) | |
| QUADROS & ASSOCIATES, P.C. ) | Case No: 4:08cv129 |
| Defendant ) | |

## COMPLAINT

Plaintiff brings the following Complaint against the Defendant upon knowledge as to her personal circumstances and upon information and belief as to all other matters.

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. Seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C.§§ 1692(k),(d) and 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper under 28 U.S.C. § 127(a),(c) in that the Defendant has a principal place of business in Newport News and the conduct

complained of occurred in Hampton and Newport News, Virginia.

## PARTIES

4. Plaintiff, Tatyana A. Babakaeva, is an individual residing in Newport News, Virginia and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3).

5. Defendant Quadros & Associates, P.C. is a debt collector agency located in Newport News, Virginia, having its principal office at 2715 Huntington Ave, Newport News, VA 23607. Defendant's agents Robert P. Quadros, Esq. and Raymond B. Bacon, Esq. are attorneys engaged in a business of debt collection.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## FACTS

7. Defendant is collecting Plaintiff's alleged debt to Wilson & Wilson, P.C.

8. Paul Wilson, Esq., of Wilson & Wilson P.C. ("Creditor") was representing Plaintiff for a relatively short time, from April to June of 2007, in her divorce case. Plaintiff and Defendant executed the contract for representation on March 15, 2007 in the Wilson & Wilson P.C. office located at 744-A Thimble Shoals Blvd., Newport News, Virginia 23606. A true and accurate copy of the contract is attached hereto as Exhibit A.

9. Prior to divorce, the sole Plaintiff's marital house located at 1 Pelican Shores Dr, Hampton was sold and the proceeds of the sale in the amount of $92,291.07 were placed in escrow of Paul Wilson by joint Plaintiff's and her husband's agreement in anticipation of the equitable distribution of marital property. A true and accurate copy of the "Agreement" is attached as Exhibit B. Paul Wilson withdrew from the representation

of Plaintiff before the divorce was granted but continued to hold the funds.

10. In November 2007, Plaintiff disputed the portion of Creditor's bill and sought mediation through the Virginia State Bar Dispute Resolution Program.

11. In the beginning of January, 2008 Plaintiff moved to her current residence in Newport News and, through her counsel, notified the divorce court of the change of address.

12. On February 5, 2008, without any prior attempt to contact Plaintiff, Defendants initiated a lawsuit for collection of the alleged debt in General District Court for the City of Hampton and executed a service of warrant of debt on Plaintiff at the address of the former marital house at 1 Pelican Shores Dr, Hampton. The house was sold with Paul Wilson's knowledge and participation, and proceeds from this sale were placed in his escrow.

13. On February 27, 2008 Defendant sent Plaintiff a letter notifying her on the default judgment which Defendant obtained against her the same day. The letter was forwarded to Plaintiff by USPS. A true and accurate copy of the letter is attached hereto as Exhibit C.

14. From this letter Plaintiff learned, for the first time, about Defendant's attempt to collect the alleged debt.

15. Upon receipt of the letter, Plaintiff immediately filed a motion to vacate default judgment. Defendant set up a new trial in Hampton General District Court on March 28, 2008.

16. Neither the letter of February 27, 2008 nor any of warrant in debt pleadings provided a validation notice which is required by 15 U.S.C. § 1692g(a)(4) and (5). Defendant never communicated and never attempted to communicate to Plaintiff the

validation notice.

17. During March 28, 2007 hearing Defendant acknowledged that the service of process was improper. Defendant nevertheless filed Bill of Particulars in the same improper venue, Hampton District Court. A true and accurate copy of the Bill of Particulars is attached hereto as Exhibit D.

18. In the warrant in debt action, Plaintiff asserted a counter-claim against Creditor which claimed, in part, an offset for the funds in Paul Wilson's escrow.

19. In an attempt to resolve the dispute regarding the escrow funds, on March 28, 2008 Plaintiff sent Robert P. Quadros a letter signed by both holders of legal title for the escrow funds, Plaintiff and her ex-husband, which requested that Paul Wilson pay to them jointly the whole amount of the escrow funds.

20. In the response letter dated April 10, 2008 Robert P. Quadros stated that his client, Paul Wilson, refused to deliver the funds to the owners. The letter contained the following notice "THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT ". It also included notation "cc: Bryan Schempf, Esquire". True and accurate copy of the letter is attached as Exhibit E.

21. Robert P. Quadros sent copies of Plaintiff's letter dated March 28, 2008 and his response letter dated April 10, 2008 to Bryan Schempf, Esq., former attorney for Plaintiff's ex-husband.

22. Bryan Schempf is not affiliated with Defendant, Wilson & Wilson P.C., Paul Wilson or Plaintiff.

23. Approximately one month later, Robert P. Quadros prepared for Bryan Schempf a draft complaint for pre-trial attachment against Plaintiff's ex-husband. This draft complaint was substantially based on Bryan Schempf's affidavit which, in turn, was

substantially based on communication between Plaintiff and Defendant in relation to collection of the alleged debt, and particularly on Plaintiff's March 28, 2008 letter.

24. This draft complaint prepared by Robert P. Quadros asked for attachment of escrow funds which were in dispute in the debt collection action initiated by Defendant against Plaintiff on behave of Creditor.

25. Subsequently, Raymond P. Bacon, Esq., a partner at Quadros & Associates, P.C., filed a complaint for pre-trial attachment naming Plaintiff's ex-husband a defendant for an alleged debt to Bryan Schempf's law firm. The complaint was substantially based on Bryan Schempf's affidavit which recited Plaintiff's March 28th, 2008 letter to Robert P. Quadros.

26. On May 23, 2008 Hampton District Court held a trial on the claim for debt brought by Robert P. Quadros against Plaintiff but did not hear the counter-claim because amount of the counter-claim exceeded the court's jurisdictional limit. The District Court entered judgment for Creditor.

27. On May 23, 2008 Robert P. Quadros sent Plaintiff a letter stating that "unless [Defendant] hear from [Plaintiff] within seven days of the date of this correspondence, [he] intend[s] to issue a garnishment against [Plaintiff's] income source (s) or summon [Plaintiff] to court to answer [Defendant's] interrogatories." A true and accurate copy of the letter is attached as Exhibit F.

28. The letter also asserted that "this is the last opportunity to pay".

29. Plaintiff did not pay the alleged debt and did not respond to the letter, neither within the time limit imposed by the letter nor at any other time. However, Defendant did not take any of the actions which he threatened to take.

30. On September 10, 2008 Robert P. Quadros sent a letter to the trial judge of

the Hampton Circuit Court in which he alleged that "[he] was not in contact with [Plaintiff]" because of "fair amount of ugly assertions [was made by Plaintiff]". A true and accurate copy of the letter is attached as Exhibit G.

31. Robert P. Quadros did not provide any explanation and/or support and did not specify if those assertions were true.

## CLAIM FOR RELIEF

32. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

33. Defendant violated 15 U.S.C. § 1692f generally, which prohibits unfair or unconscionable means to collect or attempt to collect any debt, by issuing service of process on Plaintiff at a place which Defendant knew or should have known was not a last place of residence.

34. Defendant violated 15 U.S.C. § 1692g(a) by not furnishing Plaintiff a mandatory validation notice required by 15 U.S.C. § 1692g(a)(4) and (5).

35. Defendant violated 15 U.S.C. § 1692i(a)(2) by bringing legal action in an improper venue. The contract which was the ground for alleged debt was signed in Newport News. At the time of commencement of the warrant in debt action Plaintiff resided in Newport News. Therefore, pursuant to 15 U.S.C. § 1692i(a)(2) the only proper venue was General District Court for the city of Newport News. Defendant brought the warrant in debt action in General District Court for the city of Hampton.

36. Defendant violated 15 U.S.C. § 1692c(b) by communication, in connection with collection of alleged Plaintiff's debt, with a third party with whom such communication was prohibited.

37. Defendant violated 15 U.S.C. § 1692e(4) and (5) by representation in the May 23, 2008 letter that he intended to issue a garnishment or take other actions which he did not intend to take or were illegal.

38. Defendant violated 15 U.S.C. § 1692f generally and 15 U.S.C. § 1692f(1), by instigating Bryan Schempf to initiate a lawsuit for attachment of Plaintiff's funds, which were in dispute as to the matter of offset to the alleged debt, as a property of another.

39. Defendant violated 15 U.S.C. § 1692e(7) by communication to trial judge, in order to disgrace Plaintiff, with a letter which included false implication about Plaintiff's conduct.

40. As a result of the above violations of the FDCPA, Defendant liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief against Defendant;

B. Actual damages to be determined at the time of trial;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs pursuant to 15 U.S.C. § 1692k; and

E. For such other and further relief which the Court deems just and proper.

Plaintiff demands a JURY TRIAL.

*Tatyana A Babakaeva, pro se*
Tatyana A. Babakaeva, *pro se*
2124 Criston Dr
Newport News, VA 23602
Phone: (757) 249-3072
Faximile: (757) 249-3072