UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



TATYANA A. BABAKAEVA,

Plaintiff,

v.                                                              ACTION NO. 4:08cv129

QUADROS & ASSOCIATES, P.C.,

Defendant.

## ORDER

Plaintiff filed this action, pro se, alleging that the Defendant law firm violated the Fair Debt Collection Practices Act in connection with its collections activities against her. Plaintiff filed an executed summons, indicating that she had obtained service upon Defendant on December 23, 2008. On January 13, 2009, after Defendant failed to respond, she asked that Defendant's default be noted. The Clerk noted the default on January 15, 2009.

On March 4, 2009, Defendant filed a defective late answer, but failed to file an accompanying motion asking for leave to file the answer. The Clerk notified Defendant that a motion was required on March 4, 2009. On March 24, 2009, Defendant filed a motion seeking leave to file a late response. Plaintiff opposed the motion, arguing that Defendant had failed to set forth good cause for permitting the late filing. Defendant neither filed a reply nor requested that the matter be referred on the papers or set for a hearing within thirty days as required by Local Rule 7(E). Accordingly, the Motion is deemed withdrawn. Defendant never moved to set aside the entry of default.

On April 6, 2009, Plaintiff filed a Motion for Default Judgment. In the Motion for Default Judgment, Plaintiff sought damages in the amount of $3,264 plus court costs. Plaintiff is entitled to damages for "any actual damage" sustained by her as a result of the violative acts pursuant to 15 U.S.C. § 1692k(a)(1). According to Plaintiff's Declaration, her actual damages were costs in the amount of $264. Although Plaintiff claimed $2000 as damages for "inconvenience" incurred in connection with two hearings held in Hampton Circuit Court, the Court has not located authority justifying an award of damages for "inconvenience," and so will deny those claimed amounts. Pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (3), the additional maximum amount that can be awarded to Plaintiff as statutory damages for a violation of the Fair Debt Collection Practices Act is $1000 plus court costs, which the Court will award. Plaintiff submitted a Bill of Costs, claiming costs in the amount of $378.14, which Defendant did not oppose. Accordingly, judgment for the Plaintiff is hereby **ENTERED** in the amount of $1642.14, inclusive of costs.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff and counsel for Defendant. IT IS SO **ORDERED**.

_____
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 7 , 2009

2